UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 20-00048-04 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CEDRIC SINEGAL (04) | MAGISTRATE JUDGE AYO |

**MEMORANDUM ORDER**

Before the Court are Defendant Cedric Sinegal's ("Sinegal") Motion for Compassionate Release (Record Document 681) and a letter motion seeking appointed counsel (Record Document 715). The Government opposes Sinegal's Motion for Compassionate Release, arguing he has not exhausted his administrative remedies. See Record Document 684. Sinegal has not replied.

Sinegal is serving a 180-month sentence for his conviction for conspiracy to distribute and possess with intent to distribute heroin/fentanyl, in violation of 21 U.S.C. § 846 and 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). See Record Documents 604-607. He is presently serving his sentence at Yazoo City Low FCI. His projected release date is November 30, 2032. Sinegal now seeks compassionate release due to sentencing disparities. See Record Document 681.

**Motion for Compassionate Release**

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

    (1)    upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);

    (2)    "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or

    (3)    where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Sinegal moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the Bureau of Prisons ("BOP") could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

    (1)    prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or

    (2)    prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A).

The administrative exhaustion provision of the First Step Act is set out in mandatory terms and has been characterized by the Fifth Circuit as a mandatory claim-processing rule.  See U.S. v. Franco, No. 20-60473, 2020 WL 5249369 at *2 (5th Cir. Sept. 3, 2020) ("The statute's language is mandatory.").  The provision permits a court the authority to reduce a defendant's sentence only "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal . . . or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility."  18 U.S.C. § 3582(c)(1)(A).  The statute sets forth no exceptions to this mandatory statutory exhaustion requirement.  The Fifth Circuit held in Franco that "those who seek a motion for compassionate release under the First Step Act must first file a request with the BOP."  Franco, 2020 WL 5249369 at *3.  Moreover, petitioners such as Sinegal bear the burden of showing that he has exhausted his administrative remedies with the BOP before filing compassionate release motions.  See U.S. v. Van Sickle, No. CR18-0250JLR, 2020 WL 2219496, *3 (W.D. Wash. May 7, 2020).

The Government argues Sinegal has provided no documentation in support related to any BOP administrative requests for remedy, or any notice of denial.  See Record Document 684 at 2.  As previously stated, Sinegal bears the burden of showing that he has exhausted his administrative remedies within the BOP before filing a compassionate release motion.  See Van Sickle, 2020 WL 2219496, *3.  The record is devoid of any evidence that Sinegal exhausted his request for compassionate release.  While the Court is sympathetic to Sinegal's concerns, Section 3852(c)(1)(A) does not provide this Court with the equitable authority to excuse the failure to exhaust administrative remedies or to waive the 30-day waiting period.  See Franco, 2020 WL 5249369.  Sinegal must first

present his request to BOP and/or present this Court with affirmative documentation of such request. At this time, the Court does not have authority to grant the relief Sinegal seeks.

**Letter Motion for Appointment of Counsel**

On May 24, 2023, this Court denied Sinegal's request for appointed counsel in relation to his request for compassionate release. See Record Documents 689 and 691. Sinegal has now filed another letter, dated June 13, 2023, stating: "When you gave me my 180 month sentence you said that you would appoint me Counsel from the Public Defender's Office for my notice of appeal for my case and I never got a public defendant to appeal my case." Record Document 715.

Sinegal was sentenced on August 16, 2022. See Record Document 604. The judgment was signed on that same date but entered on August 17, 2023. See Record Document 606. Retained counsel were permitted to withdraw on September 7, 2022. See Record Document 611. Under Federal Rule of Appellate Procedure 4(b)(1)(A), "a defendant's notice of appeal must be filed in the district court within 14 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." Fed. R. App. P. 4.

Here, Sinegal's notice of appeal should have been filed within 14 days of August 17, 2023, or August 31, 2022. The Court is now outside the window to extend the time to file a notice of appeal. See Fed. R. App. P. 4(b)(4). Thus, at this stage, Sinegal's request for appointed counsel in relation to his appeal must be **DENIED**. If he seeks to challenge his sentence, then he must move to a Section 2255 motion, which is a collateral proceeding.

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Sinegal's Motion for Compassionate Release (Record Document 681) be and are hereby **DENIED WITHOUT PREJUDICE**. He has failed to exhaust his administrative remedies as required by the statute. Sinegal may re-file his motion once he has achieved one of the two avenues for exhaustion under Section 3582(c)(1)(A).

**IT IS FURTHER ORDERED** that Sinegal's letter motion to appoint counsel (Record Document 715) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 12th day of July, 2023.

_____
United States District Judge